| | |
|---|---|
| 1 | Barzin Barry Sabahat (SBN 164248) |
| 2 | By The Law, APC |
| | 285 Payne Ave, Suite 9691 |
| 3 | San Jose, CA 95117 |
| | Telephone: (408) 500-5280 |
| 4 | Email: barry@anchorlawgroup.com |
| 5 | Attorney for Debtor, |
| | Nariman Seyed Teymourian |
| 6 | |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | | Bk. No. 23-30668-DM |
| | | Chapter 7 |
| NARIMAN SEYED TEYMOURIAN | | |
| | Debtor | **BARZIN BARRY SABAHAT'S MOTION TO WITHDRAW AS COUNSEL FOR DEBTOR** |

**TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:**

Barzin Barry Sabahat ("Counsel") hereby moves, pursuant to Local Bankruptcy Rule 2019-1, for an order relieving him as counsel for Debtor Nariman Seyed Teymourian (the "Debtor"). In support of the Motion, Counsel submits the following Memorandum of Points and Authorities and the attached declaration of Barzin Barry Sabahat. A signed substitution of attorneys is attached hereto and incorporated herein by reference.

//

//

//

//

BARZIN BARRY SABAHAT'S MOTION TO WITHDRAW AS COUNSEL FOR DEBTOR

1

## I. INTRODUCTION

Counsel files this Motion seeking an order relieving him of the duty to act as counsel for the Debtor in the above-captioned case. Withdrawal is appropriate for two reasons. First, the Debtor terminated the services of the Firm's. Second, Counsel and Debtor are no longer communicating effectively about the case, irreconcilable differences have arisen between Counsel and Debtor, and the attorney-client relationship has irreparably broken down despite efforts to repair and maintain such relationship. A substitution of attorney was sent to Debtor, on or about April 8, 2024, which Debtor has not returned signed despite Counsel's efforts following up.

Due to the attorney-client privilege, Counsel is unable to further expand on the difficulties related to representation.

## II. RELEVANT FACTS

On or about September 30, 2023, the Debtor retained Barzin Barry Sabahat to handle his general bankruptcy matters. On October 3, 2023, Debtor filed a voluntary petition for relief under Title 11, Chapter 11 of the United States Code, Case No. 23-30668-DM ("Bankruptcy Case") in the United States Bankruptcy Court, Northern District of California ("Bankruptcy Court"). Debtor is the subject of three nondischargeability complaints by his various creditors. *Paladin Funding, Inc. v. Teymourian* (Case 24-03001); *Dakota Note, LLC et al v. Teymourian et al.* (Case No. 24-03002); *Hu-HanTwo LLC v. Teymourian* (Case No. 24-03003) (collectively, the "Adversary Proceeding"). Barzin Barry Sabahat has made an appearance in each of the Adversary Proceedings and requests that the order granting withdrawal also apply to each of the Adversary Proceedings.

## III. LEGAL ARGUMENT

Pursuant to Rule 11-5 (a) of the Local Civil Rules in force in the Northern District of California, "counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Furthermore, California's professional ethics Standing Committee has opined that "Attorney may not withdraw absent either client consent or a court order. (Code Civ. Proc., § 284; rule 3-700(A)(1))" and, when seeking leave of court to withdraw as counsel, it

will "... ordinarily...be sufficient [for an attorney] to say only words to the effect that ethical considerations require withdrawal." Formal Opinion No. 2015-192. Local Bankruptcy Rule 2091-1 requires an attorney who has appeared on behalf of an entity to request leave of court, via noticed motion, to withdraw as counsel without substitution. See LBR 2091-1(a)(1). Federal courts typically "look to applicable state rules of professional conduct to determine whether an attorney seeking to withdraw has provided adequate grounds therefor[.]" See Universal Studios Int'l B.V. v. Entm't Television Network FZE, 2009 WL 10675984, at *1 (C.D. Cal. 2009) (internal quotations marks omitted). California Rule of Professional Conduct 1.16 provides, in part, that withdrawal may be permitted if: "(6) the client knowingly and freely assents to termination of the representation[.]" Cal R. Prof. Conduct 1.16. As one California court has noted, so long as injustice does not result from withdrawal, "in the great majority of instances the attorney should be permitted to withdraw." (See *Jones v. Green* (1946) 74 Cal.App.2d 223, 231.) The provisions of the California Rules of Professional Conduct, Rule 3-700, subdivision (C)(1)(d) mandate withdrawal when the attorney client relationship has broken down to such a degree that there can be no communication between the debtor and counsel sufficient to monitor and advance the case.

Here, good cause exists to permit withdrawal. First, Counsel provided notice to the Debtor of the consequences of its inability to appear without counsel and the Debtor had previously assented to Counsel's withdrawal. Second, Counsel and Debtor are no longer communicating about the case; irreconcilable differences have arisen between Counsel and Debtor, and the attorney-client relationship has irreparably broken down despite efforts to repair and maintain such a relationship. A substitution of attorney was provided to the Debtor on or about April 8, 2024, but has not been returned by the Debtor despite no longer seeking to have Counsel represent him in the above-mentioned matters. Matters are pending before this court at present, but Counsel is unable to assist the Debtor any further without his cooperation, and therefore, withdrawal will not occasion any prejudice. As Debtor has previously consented to Counsel's withdrawal and the irreconcilable differences, Counsel feels that he can no longer ethically fulfill his duties toward the Debtor and the Court.

## IV. CONCLUSION

Accordingly, Counsel requests entry of an order granting the Motion and authorizing it to withdraw as counsel for the Debtor in the above-captioned case and Adversary Proceedings. Further Counsel requests that this Court extend the time to for all upcoming hearings to allow time for Debtor to obtain representation and permit the filing of the attached substitution of attorneys. Counsel requests that all further notices, pleadings, process and other papers addressed to the Debtor be served by mail to the following address:

Nariman Seyed Teymourian

125 Greenley Road

New Canaan, CT 06840

Dated: April 24, 2024                    By: _____
                                              Barzin Barry Sabahat, Esq.