jERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for Plaintiff, Chapter 7 Trustee Sarah L. Little

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Nariman Seyed Teymourian,<br><br><br>Debtor. | Case No. 23-30668 DM<br><br>Chapter 7 |
| Sarah L. Little, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br><br>Nariman Seyed Teymourian,<br><br>Defendant. | Adv. Proc. No.<br><br>**COMPLAINT OBJECTING TO THE DISCHARGE OF DEBTOR**<br><br>**[11 U.S.C. § 727(a)]** |

COMES NOW, Plaintiff Sarah L. Little, Chapter 7 Trustee of the bankruptcy estate of Nariman Seyed Teymourian ("Plaintiff"), and alleges as follows:

**Jurisdiction**

1. Jurisdiction of this adversary proceeding exists pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. § 1409.

2. This adversary proceeding is a core matter pursuant to 28 U.S.C. § 157(b)(2)(J).

3. Plaintiff consents to the entry of a final orders or judgment in this adversary proceeding.

## General Allegations

4. Nariman Seyed Teymourian ("Defendant") filed a voluntary Chapter 11 on October 3, 2023. The Defendant's Chapter 11 case was converted to a Chapter 7 case on January 26, 2024, Case No. 23-30668 DM (the "Bankruptcy Case").

5. Plaintiff is the duly appointed, qualified and acting Chapter 7 trustee in the Bankruptcy Case.

6. The Plaintiff and Defendant entered into a Stipulation Extending Deadline to Object to Discharge Pursuant to 727 [Docket No. 172] pursuant to which the parties stipulated that the deadline for the Trustee and/or the U.S Trustee to file a complaint against the debtor under 11 U.S.C. Section 727 is extended to July 31, 2024. Said Stipulation was approved by way of an order of this court dated April 11, 2024 [Docket No. 174].

7. The Plaintiff and Plaintiff's counsel have made demands on the Defendant to provide documents and financial records related to his financial affairs.

8. The Defendant has failed to cooperate with the Plaintiff and has failed to provide any documents related to his financial condition.

9. The Defendant, in his schedules filed in his bankruptcy case and signed under penalty of perjury, failed to disclose the debtor's membership interest in the Menlo Country Club.

## FIRST CLAIM FOR RELIEF
### [Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(2)(A)]

10. Plaintiff realleges the allegations set forth in paragraphs 1 through 9 above and incorporates them herein by reference.

11. The Defendant has concealed from the Trustee his ownership interest Menlo Country Club and Plaintiff alleges on information and belief that said concealment was done by the Defendant with the intent to hinder, delay or defraud the Trustee.

12. Pursuant to 11 U.S.C. Section 727(a)(2) the grounds exist for denial of debtor's

discharge.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
### [Denial of Discharge – 11 U.S.C. § 727(a)(3)]

13. Plaintiff realleges the allegations set forth in paragraphs 1 through 12 above and incorporates them herein by reference.

14. Despite Plaintiff's demands upon Defendant to provide documents, records and information from which the Defendant's financial condition might be ascertained, Defendant has failed to provide the Trustee with the requested documents and information.

15. Plaintiff is informed and believes that the Defendant has concealed, destroyed, mutilated, falsified or failed to keep or preserve recorded information, including books, documents, records and papers from which his financial condition or business transactions might be ascertained and that the Defendant's failure to maintain said records is not justified under the circumstances of this case.

16. By reason of the Defendant's failure to keep and maintain adequate financial information, as alleged in paragraph 15 above, grounds exist to deny the Defendant's discharge pursuant to 11 U.S.C. Section 727(a)(3).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## THIRD CLAIM FOR RELIEF
### [Denial of Discharge - 11 U.S.C. § 727(a)(4)(A) and (D)]

17. Plaintiff realleges the allegations set forth in paragraphs 1 through 16 above and incorporates them herein by reference.

18. The Defendant knowingly and fraudulently made a false oath in connection with the filing of his schedules and statement of financial affairs which were signed under penalty of perjury by failing to list as an asset his ownership interest of a membership in Menlo Country Club.

19. The Defendant has withheld from the Plaintiff, who is entitled to receive the Defendant's records, the Defendant's recorded information, including books, documents, records

and papers relating to the Defendant's property or financial affairs, despite repeated requests for said information and documents from the Plaintiff.

20. By reason of the Defendant giving a false oath and his withholding information from the Plaintiff, the grounds exist to deny the Debtor's discharge pursuant to 11 U.S.C. Section 727(a)(4)(A) and (D).

WHEREFORE, Plaintiff prays for judgment as follows:

**PRAYER**

1. On the First Claim for Relief, that judgment be entered in favor of Plaintiff and against Defendant denying the Debtor his discharge pursuant to 11 U.S.C. § 727(a)(2)(A);

2. On the Second Claim for Relief, that judgment be entered in favor of Plaintiff and against Defendant denying the Debtor his discharge pursuant to 11 U.S.C. §727(a)(3);

3. On the Third Claim for Relief, that judgment be entered in favor of Plaintiff and against Defendant denying Debtor his discharge pursuant to 11 U.S.C §727(a)(4)(A) and (D);

4. For costs of suit herein; and

5. For such other and further relief as the Court deems proper and just.

Dated: July 16, 2024                    Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By: /s/ Eric A. Nyberg
(Bar No. 131105)
Attorneys for Plaintiff Sarah L. Little, Chapter 7 Trustee

Complaint
-4-
Case: 23-30668   Doc# 181   Filed: 07/16/24   Entered: 07/16/24 09:59:59   Page 4 of 4