Barzin Barry Sabahat (SBN 164248)
By The Law, APC
4285 Payne Ave, Suite 9691
San Jose, CA 95117
Telephone: (408) 500-5280
Email: barry@anchorlawgroup.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

NARIMAN SEYED TEYMOURIAN

Debtor

Bk. No. 23-30668

**DECLARATION OF BARZIN BARRY SABAHAT RE: TRUSTEE'S MOTION FOR TURNOVER OF THE ESTATE**

**[11 U.S.C. SECTION 542(a)]**

Date: November 15, 2024
Time: 10:00 a.m.
To be hold Via-Tele/Videoconference

I, Barzin Barry Sabahat, declare as follows:

1.    I am the former counsel of record for the Debtor, Nariman Seyed Teymourian ("Debtor") in the above-described bankruptcy case. I have personal knowledge of the facts stated in this declaration, and could and would competently testify about such facts if called as a witness.

2.    On October 15, 2024, Trustee in Debtor's personal bankruptcy action, Case No. 23-30668 ("Nariman Bankruptcy"), case filed a Motion to Compel Turnover of the alleged $50,000.00 retainer amount obtained by By The Law, APC during its representation of Debtor.

3.    For clarity's sake, I am filing this declaration to show that the amount received by my firm, By the Law, APC, to represent Debor in the Nariman Bankruptcy was $25,000.00,

1  not $50,000.00. I am not objecting to Trustee's Motion, merely providing clarification on the
2  amount actually received by my firm.

3      4. On or about September 30, 2023, the Debtor retained me to handle his general
4  bankruptcy matters, which included filing voluntary petitions for relief under Title 11, Chapter
5  11 of the United States Code on his behalf, and his business, 201 El Camino Real LLC.[1]

6      5. On or about September 30, 2023, By The Law, APC received a $25,000 retainer
7  by wire from Debtor directly into its IOLATA account pertaining to Debtor's individual filing
8  under Title 11, Chapter 11 of the United States Code in the above-described case.

9      6. On or about September 30, 2023, By The Law, APC received a $25,000 retainer
10  from Debtor directly into its IOLATA account pertaining to the Chapter 11 El Camino
11  Bankruptcy.

12      7. By the Law, APC has retained the amount received by Debtor to represent him in
13  his personal bankruptcy because there have been multiple claims made regarding the ownership
14  of the money.

15      8. By the Law, APC has kept the disputed $25,000 amount in its IOLTA account
16  since it received the amount from Debtor and has previously refused to turn over the amount
17  due to the multiple objections raised by Trustee and Debtor over who owned the retainer
18  amount.

19      9. Further, Debtor has sued both me and By the Law, APC in a separate civil
20  lawsuit for return of the disputed $25,000.00 retainer amount.[2]

21      10. On October 3, 2023, I filed a voluntary petition on behalf of Debtor for relief
22  under Title 11, Chapter 11 of the United States Code, Case No. 23-30668-DM ("Bankruptcy
23  Case") in the United States Bankruptcy Court, Northern District of California ("Bankruptcy
24  Court").

25

26

27      [1] The bankruptcy case I filed for Debtor's business, 201 El Camino Real LLC, is case no. 23-30669 ("Chapter 11 El
    Camino Bankruptcy.")
28      [2] The civil lawsuit's case no. is  24CV447171.

11.     On October 3, 2023, I filed a voluntary petition on behalf of 201 El Camino Real LLC for relief under Title 11, Chapter 11 of the United States Code, in the Chapter 11 El Camino Bankruptcy in Bankruptcy Court.

12.     On or about October 5, 2023, Jennifer Hayes, counsel for the Chapter 7 Trustee of the bankruptcy estate of 201 El Camino Real LLC, contacted me inquiring as to whether 201 El Camino Real LLC would stipulate to dismissal of the Chapter 11 El Camino Bankruptcy as there was already a pending bankruptcy case for the entity.

13.     On or about October 5, 2023, 201 El Camino Real LLC stipulated to the dismissal of the Chapter 11 El Camino Bankruptcy.

14.     On or about October 18, 2023, Ms. Hayes requested that I turn over any unused portion of the $25,000 retainer with respect to the Chapter 11 El Camino Bankruptcy. A true and correct copy of the October 18, 2023 email correspondence is attached hereto as Exhibit "**1**".

15.     On or about October 27, 2023, I mailed a check for the remainder of the retainer deposit related to the Chapter 11 El Camino Bankruptcy, which totaled $17,905.00, to Janina Hoskins, Trustee, P.O. Box 158, Middletown, CA 95461. A true and correct copy of the October 27, 2023 check is attached hereto as Exhibit "**2**". A true and correct copy of the October 27, 2023 email correspondence is attached as Exhibit "**3**".

16.     That same day, I also confirmed to Ms. Hayes that the check was mailed out. A true and correct copy of the second October 27, 2023 email correspondence is attached as Exhibit "**4**".

17.     On November 6, 2023, Jennifer Hayes confirmed that the Chapter 7 Trustee had received and deposited the check, which was property of the Chapter 7 bankruptcy estate pursuant to 11 U.S.C. § 541(a). A true and correct copy of the November 6, 2023 email exchange is attached as Exhibit "**5**".

18.     Therefore, I do not object to Trustee's Motion and simply wish to clarify to this Court that the disputed retainer amount is the $25,000.00 paid to represent Debtor in the Nariman Bankruptcy. I am willing to submit to this Court's adjudication in the determination of

1  the ownership of the disputed $25,000.00 amount to ensure that the amount is returned to the

2  proper person or entity.

3

4      I declare under penalty of perjury under the law of the state of California and the United

5  States that the foregoing is true and correct. This declaration was executed in San Jose,

6  California, on November 1, 2024.

7

8                                          By:  _____

9                                               Barzin Barry Sabahat, Esq.

# EXHIBIT 1

**From:** Jennifer Hayes jhayes@fhlawllp.com
**Subject:** In re 201 El Camino Real: turnover demand per 11 USC 542
**Date:** October 18, 2023 at 11:52 AM
**To:** Barry Sabahat, Esq. Barry@AnchorLawGroup.com
**Cc:** Sean Tabatabai sean@bythelaw.co, Aaron Taman aarontaman@gmail.com

Dear Barry,

11 USC § 542 requires third parties in possession of property, information, or documents of the Debtor to turn over such property, information, and documents to the Trustee. **By no later than 10/25/23 at 12:00 p.m. PT**, please turn over to the Trustee: (a) all unused retainer paid with respect to the unauthorized chapter 11 case for In re 201 El Camino Real, Case No. 23-30669. *See also* 111 USC §541 (unused retainer is property of the bankruptcy estate); and (b) **unredacted** copies of the following (which list is not exhaustive):

1. The front and back of the check used to pay the retainer (or complete wire information) and the bank account statement showing the account into which the retainer was deposited.
2. The retainer agreement between you/your firm re 201 El Camino Real.
3. All documents, including but not limited to work papers, financial statements, bank account statements, check registers, financial account statements, and copies of any other documents concerning or related to 201 El Camino Real, regardless of whether privileged or not.

Please note that, under controlling United States Supreme Court authority, the chapter 7 trustee holds the attorney client privilege. *CFTC v. Weintraub.* 471 U.S. 343 (1985).

The unused retainer should be mailed to the Trustee at the following address: Janina Hoskins, Chapter 7 Trustee, P.O. Box 158, Middletown, CA 95461. 201 El Camino Real's documents should be emailed to me at this email address.

Absent receipt of the unspent retainer and documents by the deadline set forth above, the Trustee intends to file a motion to compel turnover of same.

Thank you in advance for your anticipated cooperation and consesual resolution of the turnover issue.

Best regareds,

Jennifer

Finestone Hayes LLP
456 Montgomery St., 20th Floor
San Francisco, CA 94104
415-616-0466
jhayes@fhlawllp.com
www.fhlawllp.com

---

**From:** Barry Sabahat, Esq. <Barry@AnchorLawGroup.com>
**Sent:** Wednesday, October 11, 2023 11:07 AM
**To:** Jennifer Hayes <jhayes@fhlawllp.com>; Sean Tabatabai <sean@bythelaw.co>; Aaron Taman <aarontaman@gmail.com>
**Subject:** FW: EIN Registration Details

Good morning:

Please see attached

---

**From:** Sean Tabatabai <sean@bythelaw.co>
**Date:** Tuesday, October 10, 2023 at 8:13 PM
**To:** Barry Sabahat, Esq. <Barry@AnchorLawGroup.com>
**Subject:** Fwd: EIN Registration Details

Want me to send this over to the lady?

Get Outlook for iOS

---

**From:** Nariman Teymourian <narimantey@gmail.com>
**Sent:** Tuesday, October 10, 2023 8:11 PM
**To:** Sean Tabatabai <sean@bythelaw.co>
**Subject:** FW: EIN Registration Details

Please see attached

---

**From:** support@taxid-usa.com <support@taxid-usa.com>
**Date:** Monday, July 18, 2022 at 7:34 AM
**To:** narimantey@gmail.com <narimantey@gmail.com>
**Subject:** EIN Registration Details



Image removed by sender.

# Congratulations! Your Tax ID/EIN Number Has Been

█████████████████████

Hello Nariman,

Your Tax ID/EIN submission has passed all validations by the IRS and been issued. Your nine-digit number is ready to use for unique identification of employer tax accounts.

The nine-digit EIN number and confirmation notice are both attached to this email in the form of a PDF. Please be sure to download, save and print for ease of use.

We congratulate you on your exciting new venture into business ownership!

Thank you for choosing USA Taxid.

If you have any questions at all, please contact us as follows:

support@USA-TaxID.com
(800)-317-5781

Thank you!

*Copyright © 2021 USA Tax ID, All rights reserved.*

You are receiving this e-mail because you opted in at our website.

Our mailing address is:

USA Tax ID

822 Guilford Ave # 1817

Baltimore, MD 21202-3707

# EXHIBIT 2

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER AND ORIGINAL DOCUMENT SECURITY SCREEN ON BACK WITH PADLOCK SECURITY ICON.

**Barry Sabahat, Attorney**
**Attorney - Client Trust Account**
P.O. Box 9651
San Jose, CA 95157
408-228-3488

Citibank N.A. BR #72
200 West Taylor Street
San Jose, CA 95110
90-7118/3211

1538

DATE _10/07/2023_

PAY
TO THE
ORDER OF _Janina Hoskins, Trustee_                    $ _17,905_

_Seventeen Thousand Nine Hundred and Five Dollars & 00/100_          **DOLLARS**

MEMO _20/ * El Camino Real, LLC, Remainder of Deposite_

AUTHORIZED SIGNATURE

⑈001538⑈ ⑆321171184⑆ 206620296⑈

---

Barry Sabahat, Attorney • Attorney - Client Trust Account                    1538

Barry Sabahat, Attorney • Attorney - Client Trust Account                    1538

www.BUSINESSCHECKSPRINTING.com

For Quick Reorder Go to BusinessChecksPrinting.com/Reorder  -  Call: 1800-385-1363

Order/Invoice Number: 354849

# EXHIBIT 3

**From:** **Barry Sabahat, Esq.** Barry@AnchorLawGroup.com 🖉
**Subject:** Check and missing information about wiring
**Date:** October 27, 2023 at 10:42 AM
**To:** Jennifer Hayes jhayes@fhlawllp.com
**Cc:** Sean Tabatabai sean@bythelaw.co, Aaron Taman aarontaman@gmail.com, Lilian Truong Lilian@bythelaw.co

Hi Jennifer:

I went to Citibank yesterday to get a copy of the record on the wire transfer by Mr. Teymourian into my Trust account of the $25,000 deposit. They said they have to contact their wire department and get back to me and that has not happened as yet. I'll follow up on Monday with them to see where they are on that issue. It occurred to me that the reason why the Chapter 7 trustee has requested the unused portion of the deposit is because if those funds were paid using the LLC funds, they would be a part of the bankruptcy estate and as such, rightfully in possession of the Trustee. The problem is that I'm not sure if the funds were paid by Mr. Teymourian personally or from the LLC account. That is a good reason to obtain the wire transfer information to see who actually sent the money.

Out of abondance of caution, I'm going to send you the check just so that we are in compliance with your request. However, I would request that you do not deposit the check until this issue is resolved. (unless if the trustee has another reason why he is entitled to the funds.) If the funds are from his personal account, the Trustee in his Chapter 11 case may have a claim to them and of course, the funds are held by us in trust and we are responsible to the client for them.

Naturally, if the Chapter 7 Trustee has another legal grounds for having a claim on the funds, he can deposit the check, but I would ask that you please tell me what those legal grounds are so that my file is properly documented and that I have not released funds in my trust account to a person with no legal claim to them. I have attached a photo of the check from my trust account before I mail it out today. The portion of the funds for fees are held back in my trust account pending a petition for permission to pay ourselves.

Respectfully yours,

Barry Sabahat



Barry Sabahat, Attorney • Attorney - Client Trust Account

153

www.BUSINESSCHECKSPRINTING.com

Barry Sabahat, Attorney • Attorney - Client Trust Account

15

For Quick Reorder Go to BusinessChecksPrinting.com/Reorder   -   Call: 1800-385-1363

Order/Invoice Number: 354849

# EXHIBIT 4

**From:** **Barry Sabahat, Esq.** Barry@AnchorLawGroup.com
**Subject:** Re: Check and missing information about wiring
**Date:** October 27, 2023 at 12:33 PM
**To:** Jennifer Hayes jhayes@fhlawllp.com
**Cc:** Sean Tabatabai sean@bythelaw.co, Aaron Taman aarontaman@gmail.com, Lilian Truong Lilian@bythelaw.co

Thanks Jennifer.

It's already in the mail.

Barry.

Get Outlook for iOS

---

**From:** Jennifer Hayes <jhayes@fhlawllp.com>
**Sent:** Friday, October 27, 2023 12:32:44 PM
**To:** Barry Sabahat, Esq. <Barry@AnchorLawGroup.com>
**Cc:** Sean Tabatabai <sean@bythelaw.co>; Aaron Taman <aarontaman@gmail.com>; Lilian Truong <Lilian@bythelaw.co>
**Subject:** RE: Check and missing information about wiring

Thank you, Barry.  I have shared your email and request with the Trustee.   Please let me know once the check is in the mail to the Trustee.  I assume you will mail the check today.  Is that assumption correct?

The Trustee's mailing address is as follows:

Janina Hoskins, Trustee
P.O. Box 158
Middletown, CA 95461

Thank you again and best regards,

Jennifer

Jennifer C. Hayes
Finestone Hayes LLP
456 Montgomery St., 20th Floor
San Francisco, CA 94104
415-616-0466
jhayes@fhlawllp.com
www.fhlawllp.com

---

**From:** Barry Sabahat, Esq. <Barry@AnchorLawGroup.com>
**Sent:** Friday, October 27, 2023 10:42 AM
**To:** Jennifer Hayes <jhayes@fhlawllp.com>
**Cc:** Sean Tabatabai <sean@bythelaw.co>; Aaron Taman <aarontaman@gmail.com>; Lilian Truong <Lilian@bythelaw.co>
**Subject:** Check and missing information about wiring

Hi Jennifer:

I went to Citibank yesterday to get a copy of the record on the wire transfer by Mr. Teymourian into my Trust account of the $25,000 deposit. They said they have to contact their wire department and

my Trust account of the $25,000 deposit. They said they have to contact their wire department and get back to me and that has not happened as yet. I'll follow up on Monday with them to see where they are on that issue. It occurred to me that the reason why the Chapter 7 trustee has requested the unused portion of the deposit is because if those funds were paid using the LLC funds, they would be a part of the bankruptcy estate and as such, rightfully in possession of the Trustee. The problem is that I'm not sure if the funds were paid by Mr. Teymourian personally or from the LLC account. That is a good reason to obtain the wire transfer information to see who actually sent the money.

Out of abondance of caution, I'm going to send you the check just so that we are in compliance with your request. However, I would request that you do not deposit the check until this issue is resolved. (unless if the trustee has another reason why he is entitled to the funds.) If the funds are from his personal account, the Trustee in his Chapter 11 case may have a claim to them and of course, the funds are held by us in trust and we are responsible to the client for them.

Naturally, if the Chapter 7 Trustee has another legal grounds for having a claim on the funds, he can deposit the check, but I would ask that you please tell me what those legal grounds are so that my file is properly documented and that I have not released funds in my trust account to a person with no legal claim to them. I have attached a photo of the check from my trust account before I mail it out today. The portion of the funds for fees are held back in my trust account pending a petition for permission to pay ourselves.

Respectfully yours,

Barry Sabahat

# EXHIBIT 5

From: **Jennifer Hayes** jhayes@fhlawllp.com
Subject: RE: Check and missing information about wiring
Date: November 6, 2023 at 9:31 AM
To: Barry Sabahat, Esq. Barry@AnchorLawGroup.com
Cc: Sean Tabatabai sean@bythelaw.co, Aaron Taman aarontaman@gmail.com, Lilian Truong Lilian@bythelaw.co

Good morning Barry,

FYI, the Trustee has received and deposited the check, which is property of the Chapter 7 bankruptcy estate pursuant to 11 USC section 541(a).

Best regards,

Jennifer

Jennifer C. Hayes
Finestone Hayes LLP
456 Montgomery St., 20th Floor
San Francisco, CA 94104
415-616-0466
jhayes@fhlawllp.com
www.fhlawllp.com

---

**From:** Barry Sabahat, Esq. <Barry@AnchorLawGroup.com>
**Sent:** Friday, October 27, 2023 12:34 PM
**To:** Jennifer Hayes <jhayes@fhlawllp.com>
**Cc:** Sean Tabatabai <sean@bythelaw.co>; Aaron Taman <aarontaman@gmail.com>; Lilian Truong <Lilian@bythelaw.co>
**Subject:** Re: Check and missing information about wiring

Thanks Jennifer.


It's already in the mail.

Barry.

---

Get Outlook for iOS

---

**From:** Jennifer Hayes <jhayes@fhlawllp.com>
**Sent:** Friday, October 27, 2023 12:32:44 PM
**To:** Barry Sabahat, Esq. <Barry@AnchorLawGroup.com>
**Cc:** Sean Tabatabai <sean@bythelaw.co>; Aaron Taman <aarontaman@gmail.com>; Lilian Truong <Lilian@bythelaw.co>
**Subject:** RE: Check and missing information about wiring

Thank you, Barry.   I have shared your email and request with the Trustee.    Please let me know once the check is in the mail to the Trustee.  I assume you will mail the check today.  Is that assumption correct?

The Trustee's mailing address is as follows:

Janina Hoskins, Trustee
P.O. Box 158
Middletown, CA 95461

Thank you again and best regards,

Jennifer

Jennifer C. Hayes
Finestone Hayes LLP
456 Montgomery St., 20th Floor
San Francisco, CA 94104
415-616-0466
jhayes@fhlawllp.com
www.fhlawllp.com

---

**From:** Barry Sabahat, Esq. <Barry@AnchorLawGroup.com>
**Sent:** Friday, October 27, 2023 10:42 AM
**To:** Jennifer Hayes <jhayes@fhlawllp.com>
**Cc:** Sean Tabatabai <sean@bythelaw.co>; Aaron Taman <aarontaman@gmail.com>; Lilian Truong <Lilian@bythelaw.co>
**Subject:** Check and missing information about wiring

Hi Jennifer:

I went to Citibank yesterday to get a copy of the record on the wire transfer by Mr. Teymourian into my Trust account of the $25,000 deposit. They said they have to contact their wire department and get back to me and that has not happened as yet. I'll follow up on Monday with them to see where they are on that issue. It occurred to me that the reason why the Chapter 7 trustee has requested the unused portion of the deposit is because if those funds were paid using the LLC funds, they would be a part of the bankruptcy estate and as such, rightfully in possession of the Trustee. The problem is that I'm not sure if the funds were paid by Mr. Teymourian personally or from the LLC account. That is a good reason to obtain the wire transfer information to see who actually sent the money.

Out of abondance of caution, I'm going to send you the check just so that we are in compliance with your request. However, I would request that you do not deposit the check until this issue is resolved. (unless if the trustee has another reason why he is entitled to the funds.) If the funds are from his personal account, the Trustee in his Chapter 11 case may have a claim to them and of course, the funds are held by us in trust and we are responsible to the client for them.

Naturally, if the Chapter 7 Trustee has another legal grounds for having a claim on the funds, he can deposit the check, but I would ask that you please tell me what those legal grounds are so that my file is properly documented and that I have not released funds in my trust account to a person with no legal claim to them. I have attached a photo of the check from my trust account before I mail it
out today. The portion of the funds for fees are held back in my trust account pending a petition for

out today. The portion of the funds for fees are held back in my trust account pending a petition for permission to pay ourselves.

Respectfully yours,

Barry Sabahat